PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELSEBETH BAUMGARTNER, | ) | |
| | ) | CASE NO. 1:10CV2810 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LaSHAUN EPPINGER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 59] |

On December 13, 2010, Petitioner Elsebeth Baumgartner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging six grounds for relief which challenge the constitutional sufficiency of her conviction and sentence. The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. Petitioner filed the following motions:

> Motion for an Order Granting Permission to File Documents With Judge Pearson in Youngstown, Ohio Due [to] Unreliability of the Office of the Clerk in Cleveland, Ohio in Accepting and Filing Documents (ECF No. 31);

> Motion for an Order Granting Petitioner the Right to Use the Court's Transmission Facilities to Make Service Under Rule 5(b)(2)(E) (ECF No. 32);

> Motion for Filing of Motion for Enlargement of Time Until Ruling on Petitioner's Request for Appointment of Counsel or, in the Alternative, Request for Resources Necessary to Presenting Claims Pro se to File Reply to Respondent Instanter Due to Failure of Clerk's Office in Cleveland, Ohio (ECF No. 33);

> Motion for the Appointment of Pro Bono Counsel (ECF No. 36);

> Motion to Expand the Record (ECF No. 45);

> Motion for Evidentiary Hearing (ECF No. 47);

    Second Motion to Expand the Record (ECF No. 49);

    Third Motion to Expand the Record (ECF No. 50);

    Fourth Motion to Expand the Record (ECF No. 51); and,

    Fifth Motion to Expand the Record (ECF No. 53).

The Magistrate Judge entered a Memorandum and Order (ECF No. 54) denying the motions, to which Petitioner timely objected (ECF No. 59). *See* Fed. R. Civ. P. 72(a).[1]

    The Court has been advised, having reviewed the Objections (ECF No. 59) and the applicable law. The Court has also considered the entire record in this matter, and being otherwise advised in the premises finds that the Magistrate Judge's Memorandum and Order (ECF No. 54) contains nothing that is clearly erroneous or contrary to law. Therefore, the Court overrules Petitioner's objections to the Magistrate Judge's Memorandum and Order.

    IT IS SO ORDERED.

| | |
|---|---|
|  September 27, 2013  |   /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] This Rule provides in relevant part:
When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

2