PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELSEBETH BAUMGARTNER, ) | |
| ) | CASE NO. 1:10CV2810 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LaSHAUN EPPINGER, Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF Nos. 67, 66 at PageID #: 2866-71, and 75-1] |

On December 13, 2010, Petitioner Elsebeth Baumgartner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging six grounds for relief which challenge the constitutional sufficiency of her conviction and sentence. The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. Petitioner filed a Seventh Motion to Expand Record (ECF No. 56) on August 30, 2012 and a Sixth Motion to Expand Record (ECF No. 57) on September 5, 2012. The Magistrate Judge entered a Memorandum and Order (ECF No. 61) denying the motions, to which Petitioner timely objected (ECF Nos. 67 and 66 at PageID #: 2866-71).[1] *See* Fed. R. Civ. P. 72(a).[2]

---

[1] ECF No. 75-1 duplicates ECF Nos. 67 and 66 at PageID #: 2866-71.

[2] This Rule provides in relevant part:
When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

(continued...)

Petitioner seeks to expand the record before this Court to include (1) press reports concerning the prosecution of the Pussy Riot protesters in Russia, along with additional press reports of other state court cases involving threats or intimidation (ECF No. 56) and (2) press reports and other documents which she contends supports her claims of corrupt activities in state government (ECF No. 57).

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts confers on the Court the authority to expand the record with materials relating to the petition. It authorizes a court to expand the record under certain circumstances:

> **(a) In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The decision of whether to order Rule 7 expansion is within the sound discretion of the district judge. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).

In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011), the United States Supreme Court held that federal review under 28 U.S.C. § 2254(d) of a claim adjudicated on the merits by a state court is limited to the factual record that was before the state court. *See* 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it."). *See also Sheppard*

---

[2](...continued)
law.

*v. Bagley*, 657 F.3d 338, 343-44 (6th Cir. 2011) (refusing to consider evidence not considered by the state courts in light of *Pinholster* ). The United States Supreme Court has explained the reasoning behind this limitation:

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.*, at 437, 120 S.Ct. 1479; *see also Richter*, 562 U.S., at - - - -, 131 S.Ct., at 787 ("Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"); *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing").

*Pinholster*, 131 S.Ct. at 1401. The limitation on evidentiary hearings in habeas corpus cases, as articulated in *Pinholster*, applies as well to a motion to expand the record through Rule 7 of the Rules Governing Section 2254 Cases. *See, e.g.*, *Caudill v. Conover*, 871 F.Supp.2d 639, 645 (E.D. Ky. May 14, 2012) ("It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record.").

The Court has been advised, having reviewed the Objections (ECF Nos. 67, 66 at PageID #: 2866-71, and 75-1) and the applicable law. The Court has also considered the entire record in this matter, and being otherwise advised in the premises finds that the Magistrate Judge's Memorandum and Order (ECF No. 61) contains nothing that is clearly erroneous or contrary to law. Therefore, the Court overrules Petitioner's objections to the Magistrate Judge's

Memorandum and Order denying Petitioner's Seventh Motion to Expand Record (ECF No. 56) and Sixth Motion to Expand Record (ECF No. 57).

    IT IS SO ORDERED.

 September 27, 2013                         */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                                   United States District Judge