PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELSEBETH BAUMGARTNER, | ) | |
| | ) | CASE NO. 1:10CV2810 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LaSHAUN EPPINGER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 66 and 74-1] |

Petitioner Elsebeth Baumgartner, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging six (6) grounds for relief which challenge the constitutional sufficiency of her conviction and sentence in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-06-478555-A.[1] The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. The Magistrate Judge subsequently issued a Report and Recommendation (ECF No. 62). In his Report, the Magistrate Judge recommends that the Court deny the petition because Petitioner procedurally defaulted her second through sixth grounds for relief, as well as that prong of the first ground which alleges a violation of the Ex Post Facto Clause. Moreover, Petitioner has failed to

---

[1] Petitioner actually had three petitions for writ of habeas corpus pending in this court. *See also Baumgartner v. Eppinger*, No. 3:10CV678 (N.D. Ohio) (filed March 31, 2010) (Polster, J.), and *Baumgartner v. Eppinger*, No. 1:10CV2811 (N.D. Ohio) (filed Dec. 13, 2010) (Pearson, J.) (challenged the constitutional sufficiency of Petitioner's conviction and sentence in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-05-470184-A). Both of these cases were dismissed last year. Petitioner did not appeal from either decision.

(1:10CV2810)

demonstrate that the state court decision on her First Amendment claim was contrary to, or involved an unreasonable application of, clearly established federal law. Petitioner filed Objections to the Magistrate Judge's Report (ECF No. 66).[2] This Court, after reviewing the objections, hereby adopts the Report and denies the petition.

## I. Facts

In March 2006, Petitioner was indicted on one count of falsification (Count 2), ten counts of intimidation (Counts 1 and 3-11), two counts of retaliation (Counts 12 and 13), and one count of possessing criminal tools (Count 14) in Case No. CR-06-478555-A. Exhibit 40 (ECF No. 7-1 at PageID #: 290-94). The indictment stemmed from Petitioner's alleged conduct against Bryan Dubois, her co-defendant in Case No. CR-05-470184-A. The indictment charged Petitioner with retaliating against Dubois and his wife for their alleged role as government witnesses in Petitioners's first case.

The indictment alleged that Petitioner posted a modified version of a rap song by national recording artist Eminem on the internet. The indictment alleged that in the modified rap song, Petitioner intimidated the Duboises by referencing domestic violence in the Duboises's household in the same breath as children services.

On November 15, 2006, pursuant to a plea agreement with the State, Petitioner pleaded no contest to four counts of intimidation (Counts 4, 5, 7, and 9) and two counts of retaliation

---

[2] Petitioner's Objections, deemed filed as of October 26, 2012, consist of PageID #: 2860-65 of ECF No. 66 (6 pages), ECF No. 68 (7 pages), and ECF No. 69 (6 pages). ECF No. 74-1 duplicates these 19 pages. Petitioner also filed a Supplement (ECF No. 72) to her Objections that adds 47 pages of additional argument.

(1:10CV2810)

(Counts 12 and 13). Pursuant to the plea agreement, the State dismissed Counts 1-3, 10, 11, and 14. The trial court found Petitioner guilty of three counts of intimidation (Counts 4, 5, and 9) and two counts of retaliation (Counts 12 and 13). ECF No. 8-3 at PageID #: 2098-2147. Upon application of the prosecution, a *nolle prosequi* was entered on Counts 6 and 7. ECF No. 8-3 at PageID #: 2104-05 and 2146. The trial court also found Petitioner not guilty of one count of intimidation (Count 8). ECF No. 8-3 at PageID #: 2144.

On December 21, 2006, the trial court sentenced Petitioner in Case No. CR-06-478555-A to concurrent prison terms of four years on each count. The trial court also sentenced Petitioner in Petitioner's first case (Case No. CR-05-470184-A) to concurrent prison terms of four years on each count. The trial court ordered the sentences in the two cases to be served consecutively for a total of eight years in prison. The Journal Entry in Case No. CR-06-478555-A states in relevant part: "The Court imposes a prison sentence at the Ohio Reformatory for Women of 4 year(s). 4 years on each of Counts 12 and 13. Counts to run concurrent to each other for a total of 4 years. Sentence to run consecutive to CR 470184. . . ." Page 2 of Exhibit 71 (ECF No. 7-1 at PageID #: 358).

On January 29, 2008, the Eighth District Court of Appeals of Ohio filed a Journal Entry in Case No. 89190 that provides in pertinent part:

> This Court remands this appeal to the trial court to eliminate an apparent jurisdictional impediment. R.C. 2505.02 and State v. Brown (1989), 59 Ohio App.3d 1. In reviewing the record for Case No. CR[ ] 478555 this Court could not find a Journal Entry sentencing Baumgartner on Counts 4, 5 and 9, although the trial court entered convictions for those counts. . . . Case returnable in thirty days.

Exhibit 80 (ECF No. 7-2 at PageID #: 506).

3

(1:10CV2810)

On February 27, 2008, the trial court entered a Journal Entry that states:

At the request of the Court of Appeals this Court makes the following entry. Defendant in court. Counsel Frank Gasper present. Additional counsel Mike Peterson present. Court reporter present. On a former day of court, the defendant plead[ed] no contest and was found guilty by the Court of intimidation 2921.03 - F3 as charged in Count(s) 4, 5, 9 of the indictment. On a former day of court, the defendant plead[ed] no contest and was found guilty by the Court of retaliation 2921.05 - F3 as charged in count(s) 12, 13 of the indictment. Defendant addresses the Court. The Court considered all required factors of the law. The Court finds that prison is consistent with the purpose of R. C. 2929.11. The Court imposes a prison sentence at the Ohio Reformatory for Women of 4 year(s). 4 years on each of Counts 4, 5, 9, 12, and 13. Counts to run concurrent to each other for a total of 4 years. Sentence to run consecutive to CR 470184. Post release control explained. Post release control is part of this prison sentence for 3 years for the above felony(s) under R.C.2967.28. The defendant is ordered to pay a fine in the sum of $1,250.00. (Fine of $250.00 on each of Counts 4, 5, 9, 12, and 13.) Defendant is to pay court costs.

Exhibit 102 (ECF No. 7-3 at PageID #: 680).

In February 2009, the Eighth District Court of Appeals of Ohio affirmed Petitioner's conviction. *State v. Baumgartner*, No. 89190, 91207, 91208, 2009 WL 344988 (Ohio App. 8th Dist. Feb. 12, 2009). Exhibit 90 (ECF No. 7-2 at PageID #: 572-95).

Petitioner attempted an appeal to the Ohio Supreme Court by raising a single claim:

When artistic expression does not reasonably encompass a true threat, criminalizing that expression as retaliation under R.C. 2921.05 or intimidation under R.C. 2921.03 violates First Amendment free speech protections. First Amendment to the United States Constitution; Art. I, Sec. 11 Ohio Constitution.

Exhibit 98 (ECF No. 7-2 at PageID #: 644-76). The appeal, however, was not accepted for review because it did not involve any substantial constitutional question. *State v. Baumgartner*, 122 Ohio St.3d 1457 (2009). Exhibit 99 (ECF No. 7-2 at PageID #: 677).

4

(1:10CV2810)

The Supreme Court denied certiorari.  *Baumgartner v. Ohio*, 558 U.S. 1050 (2009).  Exhibit 100 (ECF No. 7-2 at PageID #: 678).

On September 29, 2008, Petitioner filed a Verified Petition to Vacate or Set Aside Judgment of Conviction or Sentence.  Exhibit 123 (ECF No. 7-3 at PageID #: 896-900).  It was denied on October 15, 2008.  Page 2 of Exhibit 125 (ECF No. 7-3 at PageID #: 904).  Petitioner did not appeal from this decision.

On October 30, 2008, Petitioner filed a Motion to Withdraw No Contest Pleas Entered in Case Nos. [CR-05-470184-A] and [CR-06-478555-A].  Exhibit 126 (ECF No. 7-3 at PageID #: 905-16).  The trial court denied the motion on December 4, 2008.  Petitioner did not appeal from this decision.

In June 2009, Petitioner filed an Application to Reopen Appeal Under Ohio App. R. 26(B).  Exhibit 133 (ECF No. 7-4 at PageID #: 936-74).  It was denied by the Eighth District Court of Appeals of Ohio in August 2009.  *State v. Baumgartner*, No. 89190, 91207, 91208, 2009 WL 2620510 (Ohio App. 8th Dist. Aug. 24, 2009).  Exhibit 135 (ECF No. 7-4 at PageID #: 986-98).  Petitioner did not appeal this decision to the Ohio Supreme Court.

On December 13, 2010, Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).  Petitioner subsequently filed five (5) motions for extension of time to file her Traverse.  ECF Nos. 9, 11, 14, 22, and 25.  The first three motions were granted, and thus multiple extensions of time to file were granted.  ECF Nos. 10, 12, and 17.  When the Court granted Petitioner's third motion for extension of time, the Court stated that it was granting Petitioner "a FINAL extension of time until July 22, 2011, to file her traverse.  No further

(1:10CV2810)

extensions will be granted." ECF No. 17 at PageID #: 2313.  Nevertheless, on July 22, 2011, Petitioner placed a fourth motion for extension of time (ECF No. 22) in the prison mail system. Because there had been Objections (ECF No. 18) pending with the undersigned, the Magistrate Judge magnanimously granted a fourth extension of time to file the Traverse until August 9, 2011.  ECF No. 23.[3]  However, the Court denied the petitioner's fifth motion for extension of time until August 19, 2011.  ECF Nos. 25 and 28.  Rather than file a timely Traverse, on October 12, 2012, over one year after the expiration of the last extension of time and two (2) days after the Report and Recommendation (ECF No. 62) was filed, Petitioner had the temerity to place a Reply to Respondent's Answer/Return of Writ (ECF No. 63) in the prison mail system. Petitioner did so without leave of court being sought for the traverse filing with a demonstration of excusable neglect.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

---

[3]  The Objections were resolved on July 15, 2011.  *See* Amended Memorandum of Opinion and Order (ECF No. 20).

6

(1:10CV2810)

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

In her Objections,[4] deemed filed as of October 26, 2012, Petitioner rehashes the arguments she previously made to the Magistrate Judge.[5] She concludes by stating:

> Baumgartner is ending her Objections at this point due to an inability to present her arguments cogently due to lack of resources and her physical health. She notes that the Court can extend the time in which Baumgartner may file her objections.
>
> Baumgartner wants to object to the report in regard to [p]rocedural default and the analysis of her First Amendment claim. She argues that her Reply demonstrates that she is actually innocent of the crimes as the statements she made are not true threats and that [the] State intentionally wrongfully prosecuted her knowing that the statements were protected speech.
>
> Baumgartner requests an additional seven days to supplement her Objections to the remaining [portions] of the report. She also intends to file a Motion for Summary Judgment on her First Amendment claim.

---

[4] Petitioner's Objections consist of PageID #: 2860-65 of ECF No. 66 (6 pages), ECF No. 68 (7 pages), and ECF No. 69 (6 pages). ECF No. 74-1 duplicates these 19 pages.

[5] Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

7

(1:10CV2810)

ECF No. 69 at PageID #: 2892; ECF No 74-1 at PageID #: 2972.  Petitioner gave her Supplement (ECF No. 72) to prison officials on November 2, 2012, even though it was not filed in the district court until November 16, 2012.  Under the prisoner mailbox rule, ECF No. 72 is considered filed when placed in the prison mail system.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  The Court grants Petitioner's request for an additional seven days to supplement her Objections.[6]

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

### A. Procedurally Defaulted Claims

Although Petitioner raised various and sundry claims through her direct appeal, Petition for Post-Conviction Relief, Motion to Withdraw No Contest Pleas, and Application to Reopen Appeal, she only raised a single claim before the Ohio Supreme Court.  The Court agrees with the Magistrate Judge that Petitioner procedurally defaulted her second through sixth grounds for relief, as well as that prong of the first ground which alleges a violation of the Ex Post Facto Clause—a circumstance that typically precludes federal habeas review.  ECF No. 62 at PageID #: 2781.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("If a habeas corpus petitioner is barred

---

[6] Petitioner has not filed a Motion for Summary Judgment on her First Amendment claim.

(1:10CV2810)

from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review. . . ."); *see also* Booth v. Carlton, No. 95-6448, 1997 WL 135495, at *1 (6th Cir. March 24, 1997) (petitioner "procedurally defaulted his first claim as he did not present the issue to the highest state court, *see* 28 U.S.C. § 2254(b)"). However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto. . . .'" Burroughs v. Makowski, 411 F.3d 665, 667 (6th Cir.2005) (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)); *see also* Hall v. Vasbinder, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it."). The Court finds Petitioner has not demonstrated both cause for the procedural default and actual prejudice arising from the alleged constitutional error because she failed to file a timely traverse after being given multiple extensions of time within which to do so. Consideration of Petitioner's Reply to Respondent's Answer/Return of Writ (ECF No. 63), filed over one year after it was due and without leave of court being sought, leads the Court to the same conclusion (*i.e.,* that Petitioner has not demonstrated both cause for the procedural default and actual prejudice arising from the alleged constitutional error).

Even though Petitioner has not shown "cause and prejudice," she may still be entitled to have her clams heard on habeas review if she can show that failure to do so would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to make a strong showing of actual innocence since she does not meet the narrow exception reserved for and explicitly tied to actual innocence. Failure to meet this miscarriage of

9

(1:10CV2810)

justice exception precludes review on the merits of Petitioner's procedurally defaulted claims.  In conclusion, Petitioner is bound by her procedural default and she cannot obtain habeas review of her second through sixth grounds for relief, as well as that prong of the first ground which alleges a violation of the Ex Post Facto Clause.

### B. First Amendment Claim

In her First Ground for Relief,[7] Petitioner challenges her conviction and sentence for intimidation and retaliation related to the posting of a modified version of a rap song on the internet.  Regarding the prong of this ground for relief which alleges a First Amendment claim, the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate that the state court decision was contrary to clearly established federal law.  ECF No. 62 at PageID #: 2782; 2786.

This claim was raised as Petitioner's sixth assignment of error on direct appeal.  Exhibit 77 (ECF No. 7-2 at PageID #: 424-26).  The Eighth District Court of Appeals of Ohio stated:

> {¶ 50} In the sixth assigned error, Baumgartner argues that the altered rap lyrics are artistic expressions, and thus protected by the First Amendment.  We disagree.
> {¶ 51} It has been recognized that threats that intimidate or cause fear or apprehension by the recipient are unprotected by the First Amendment. FN25  As previously discussed, the trial court found the altered rap lyrics to be a threat of physical violence directed at Bryan and Mandy Dubois.  In addition, the trial court found that the altered lyrics referenced Dubois's wife by name and his children.

---

[7] The First Ground for Relief is:
Petitioner's indictment for internet web postings, conviction and sentence of four years in prison violate the First Amendment and the Fourteenth Amendment to the US Constitution; and the Ex Post Facto Clause.
ECF No. 1 at PageID #: 5.  The Ex Post Facto Clause claim is procedurally defaulted as a result of Petitioner's failure to raise the claim in the state courts.

(1:10CV2810)

> FN25. *Dayton v. Dunnigan* (1995), 103 Ohio App.3d 67, 71, 658 N.E.2d 806, citing *Mozzochi v. Borden* (C.A.2, 1992), 959 F.2d 1174; *United States v. Khorrami* (C.A.7, 1990), 895 F.2d 1186; *United States v. Bellrichard* (C.A.8, 1993), 994 F.2d 1318; *United States v. Lee* (C.A.8, 1991), 935 F.2d 952.
>
> {¶ 52} Nonetheless, Baumgartner maintains that the altered rap lyrics did not constitute a true threat. However, the critical question is whether the victim subjectively believed at the time of the offense that the offender would cause serious physical harm. FN26  Here, as previously discussed the Duboises fled the State of Ohio for a period of time after Baumgartner posted the altered rap song on the internet.
>
> FN26. *State v. Perkins*, Cuyahoga App. No. 86685, 2006-Ohio-3678.
>
> {¶ 53} We conclude, given the effect of the internet posting, that the altered lyrics constituted a true threat and, as such, was not protected by the First Amendment. Accordingly, we overrule the sixth assigned error.

*Baumgartner*, 2009 WL 344988, at *6-7.  Exhibit 90 (ECF No. 7-2 at PageID #: 588-89).

Petitioner did present this claim to the Supreme Court of Ohio, however, the appeal was not accepted for review because it did not involve any substantial constitutional question. *State v. Baumgartner*, 122 Ohio St.3d 1457 (2009).  Exhibit 99 (ECF No. 7-2 at PageID #: 677).

The Magistrate Judge correctly applied only the "contrary to" and not the "unreasonable application" prong of § 2254(d)(1) because the Eighth District Court of Appeals of Ohio did not rely on U.S. Supreme Court caselaw in reaching its decision.  See ECF No. 62 at PageID #: 2782. A state-court decision is "contrary to" clearly established federal law "if the state court arrived at a conclusion 'opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

11

(1:10CV2810)

"[T]he First Amendment . . . permits a State to ban a 'true threat.'" *Virginia v. Black*, 538 U.S. 343, 359 (2003) (quoting *Watts v. United States*, 394 U.S. 705, 708 (1969) (*per curiam*) (internal quotation marks omitted); *accord R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 388 (1992). As explained by the Court, "'[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. . . . Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Black*, 538 U.S. at 359-60.

The crime of intimidation "does not require that the actions of the speaker cause the victim to believe the speaker would cause imminent physical harm. Rather, it is the unlawful threat of harm, and not actual harm, that serves as a basis for the offense of intimidation." *State v. Perkins*, No. 86685, 2006 WL 2023558, at *3 (Ohio App. 8th Dist. July 20, 2006) (internal quotation marks omitted). The victims in the underlying case at bar fled the State of Ohio for a period of time after Petitioner posted the altered rap song on the internet. The Eighth District Court of Appeals of Ohio concluded, "given the effect of the internet posting, that the altered lyrics constituted a true threat and, as such, was not protected by the First Amendment." *Baumgartner*, 2009 WL 344988, at *7. Exhibit 90 (ECF No. 7-2 at PageID #: 589). The Court agrees with the Magistrate Judge that the decision of the Eighth District Court of Appeals of Ohio was not contrary to clearly established federal law. *See* ECF No. 62 at PageID #: 2786.

(1:10CV2810)

## IV. Conclusion

The Report and Recommendation of the Magistrate Judge is hereby adopted. Elsebeth Baumgartner's Petition for a Writ of Habeas Corpus will be dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
| September 27, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |